In re Petition for DISCIPLINARY ACTION AGAINST Vincent Francis WATERS, a Minnesota Attorney, Registration No. 225964.

Nos. A12–1002, A12–1830.

Supreme Court of Minnesota.

Dec. 12, 2012.

### ORDER

By order filed on July 27, 2012, we suspended respondent Vincent Francis Waters from the practice of law for a minimum of 30 days, effective 14 days from the date of the filing of the order. In our July 27 order, we required respondent to provide notice to clients, counsel, and tribunals of his suspension. *See* Rule 26, Rules on Lawyers Professional Responsibility (RLPR). Respondent has filed an affidavit seeking reinstatement in which he stated that he has fully complied with the terms of the suspension order, except for providing timely notice of his suspension to clients, opposing counsel, and tribunals in matters.

After respondent filed his affidavit seeking reinstatement, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent had committed professional misconduct warranting public discipline, namely neglect of a client matter, failure to communicate with a client, failure to expedite litigation, and failure to provide clients, opposing counsel, and tribunals with timely notice of his suspension, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a)(3) and (5), 3.2, 3.4(c), and 8.4(d).

Respondent admits the allegations in the petition, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand, that respondent be

reinstated to the practice of law, and that respondent be placed on probation for three years following his reinstatement. The Director has also filed an affidavit indicating that on September 18, 2012, respondent filed an affidavit with the Director demonstrating his compliance with Rule 26, RLPR, and that the Director does not object to respondent's reinstatement to the practice of law, consistent with the terms in the stipulation for discipline.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Vincent Francis Waters is publicly reprimanded;

2. Respondent is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination by July 27, 2013, and is placed on disciplinary probation for three years subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation; and

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct; and

3. By July 27, 2013, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility, by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination.

BY THE COURT

/s/

Alan C. Page
Associate Justice